## Haley and Mullins v. Commonwealth.

(Decided October 13, 1925.)

### Appeal from Hickman Circuit Court.

1. Criminal Law—Defendants could Not Complain of Lack of Time to Prepare Case, where Court Granted Continuance, but Set Aside Continuance at Their Own Request.—Where court, on defendants' motion and affidavit, continued case, but, after this was done, set aside order continuing case at defendants' own request, defendants' contention that they did not have time to prepare case or procure attendance of witnesses was without merit.

2. Criminal Law—Defendants could Not Complain of Fact that they were Tried Jointly, where Court Gave them Opportunity to be Tried Severally or Jointly as they Wished.—Where defendants secured severance of case against them, but on defendants' own motion court allowed them to withdraw motion for severance, they could not thereafter complain of fact that they were tried jointly.

3. Robbery—Evidence Held to Show that Prosecuting Witnesses were Put in Bodily Fear by Defendants at Time of Robbery.—In prosecution for robbery, evidence held to show that prosecuting witnesses were put in bodily fear by defendants at time of robbery.

4. Criminal Law—Court's Delay in Admonishing Jury as to Purpose and Effect of Character Evidence Not Prejudicial, where Given Before Verdict.—Where trial court failed to give jury admonition as to purpose and effect of character evidence until jury had retired, such fact was not prejudicial error, where court called jury back and gave such admonition before verdict.

5. Criminal Law—Contention that Court Failed to Give Whole Law of Case in Failing to Charge on Larceny Without Merit.—In prosecution for robbery, contention that court failed to give whole law of case in failing to charge on larceny, which contention was based on claim that there was no force or violence offered pro-

secuting witnesses in forcing them to give up money, held without merit, in view of evidence that witnesses were held up at point of guns.

6.  Robbery—Law will Presume Fear, where there Appears to be Ground for it.—In robbery case, actual fear on part of victim need not be strictly and precisely proven, for the law will presume fear, where there appears to be ground for it.

J. KELLY SMITH and J. D. VIA for appellants.

FRANK E. DAUGHERTY, Attorney General, CHAS. F. CREAL, Assistant Attorney General, and FLAVIUS B. MARTIN, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellants, Orb Haley and Pat Mullins, were jointly indicted with Jimmy Davis in the Hickman circuit court of robbery, tried at that term, found guilty, and their punishment fixed at two years each. Only Haly and Mullins appeal.

Appellants' brief does not conform to the rules of this court in that it does not set out the points relied upon for reversal of the judgment, nor cite authorities in conformity to rule 111.

The indictment was returned on the third day of the February term while appellants were in jail. On the fifth day of the term appellants were brought into court and their cases assigned for trial on the sixth day, and the cases were tried upon that day. This is one of the grounds for reversal of the judgment.

Appellants made motion for a continuance, supported by affidavits as to what absent witnesses would testify. Most of those witnesses were later produced in court and did testify on behalf of appellants.

With respect to the motion for continuance this order appears in the record:

"Then came the Commonwealth and announced ready for trial; then came the defendants and moved the court for a continuance, and in support of said motion filed affidavits of absent witnesses, which the Commonwealth declines to admit as the deposition of said absent witnesses. The court then orders this prosecution continued."

Immediately upon the sustaining of the motion of appellants for continuance they moved for trial on the

7th, 8th, 9th, 10th, 11th or 12th day of the term, which motion the court overruled; then appellants moved the court to reduce their appearance bonds from $500.00 to $300.00 each, and this motion was overruled by the court. Then the following order appears:

> "Then came the defendants and moved the court to be allowed to withdraw their motion for a continuance herein, which motion was by the court sustained and motion for continuance withdrawn; then came the defendants, acknowledged identity of person, waived formality of arraignment and pleaded not guilty to the charge against them in the indictment; they then announced ready for trial, whereupon came the following jury (naming them) who were tested, tried and sworn to try this prosecution."

Obviously the appellants are not in position to complain that they were not given further time in which to prepare their case for trial. The orders show that on their motion and affidavit the case was continued, and after that was done appellants asked the court to disregard their motion for continuance, set aside the order of continuance, and when this was done announced ready for trial. We are of opinion that the trial court was very indulgent with appellants in allowing them to either try or continue their case at their will; and certainly there was no error in the court allowing the case to proceed to trial after both parties had announced ready. Appellants' insistence that they did not have time in which to properly prepare their case is, therefore, without merit.

Upon the calling of the case for trial the Commonwealth announced ready and appellants moved for a severance of trial, which motion was sustained by the court; thereupon the Commonwealth elected to try appellant Mullins. Then follows this order:

> "And the defendants being then advised that the Commonwealth would then move for a continuance as to the other defendants, for the reason that the entire panel of jurors at this term would be disqualified by the trial of Pat Mullins, then came the defendants and moved the court to be allowed to withdraw said motion for severance, which motion was by the court sustained and motion allowed to be withdrawn."

Again the trial court showed its willingness to give appellants every reasonable opportunity to have a fair and impartial trial according to the law and procedure commonly in use, jointly or severally, as they thought best. Of this appellants cannot now well complain. In commenting upon the proceedings of the court appellants in their brief say:

"Here are three men indicted for robbery which, of course, under the laws of the state, is a felony and the punishment for which is confinement in the state penitentiary, and we feel like they were unduly and unjustly drawn into a hurried trial, with not the proper opportunity to procure the attendance of witnesses who knew about their whereabouts on the night the robbery took place. . . ."

All, or practically all, of their witnesses were present and testified for appellants. A number of their neighbors were called to prove appellants' bad reputation, and did so, but appellants did not call witnesses to sustain their reputation. The state of the record did not justify the comment of counsel above copied.

It is next insisted by appellants that there is no evidence in the record that the prosecuting witnesses, King and Willingham, were put in fear by appellants at the time of the robbery; but we do not so read the record.

One of them was asked:

"Q. Whose money was that? A. Mine.

"Q. How came you to let him have it? A. I could not help myself.

"Q. Did they put you in fear of bodily harm to secure this money? (Appellants object.) A. Looked sorty like it to me.

"Q. Did he use any force? Just tell what they did? A. They held a gun on me.

"Q. Held a gun on you and took your money off you? A. Yes, sir.

"Q. Was this against your will? A. Sure, it was.

"Q. That happen in this country? A. Yes, sir.

"Q. Do you tell the jury these three men are the ones who did that? A. Yes, sir, they are the three men."

According to the testimony for the prosecution, Miller induced the two witnesses who were looking for moon-

shine whiskey, to go with him to a lonely place on the road at nighttime to get some whiskey, and while they were there the other two defendants came up in the dark with pistols and a flashlight, began to shoot, and ordered the witnesses to throw up their hands, and when they did so, appellants went through their pockets, still covering them with a gun and after searching them once or twice found $7.50 on one of them, and $44.00 on the other, and took it and appropriated it to their own use, escaping in the dark. The witnesses identified the appellants as two of the guilty parties. They likewise identified Jimmie Davis, the other defendant. Upon this evidence the jury found appellants guilty.

Appellants complain that the trial court failed to admonish the jury as to the purpose and effect of the testimony given by the witnesses called by the Commonwealth to prove that appellants were of bad character at the time the evidence was given and did not give such admonition until after the case had been submitted to the jury and it had withdrawn to consider the case; but appellants in their brief added, after reciting the foregoing facts: "At which time they (the jury) were called back into the courtroom and properly admonished." Appellants made no motion or suggestion to the court that the jury be admonished as to the purpose of such evidence; neither was there objection by appellants to the introduction of this evidence. Inasmuch as the court, before the jury arrived at its verdict, properly admonished the jury as to the purpose of this character evidence, we think appellants were not prejudiced by the delay in giving the admonition.

Appellants also insist that the court did not give the whole law of the case in its instructions to the jury in that it failed to instruct upon the law of larceny.

This contention is based upon appellants' idea that there was no violence offered the witnesses in order to induce or force them to give up their money. There is utterly no merit in this claim, for the witnesses both testified that they were held up at the point of guns in the night and required to give up their money against their will; that they were put in fear of bodily hurt. The evidence seems to be conclusive of this; but were it otherwise, "actual fear need not be strictly and precisely proven, for the law, *in odium spoliatoris,* will presume fear where there appears to be just ground for it." Robertson's Kentucky Criminal Law, page 389.

We have found no sufficient ground warranting a reversal of the judgment, and none having been pointed out, it is affirmed.